IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. DNCW 3:03CR209-10 |
| | ) | (Financial Litigation Unit) |
| BRYAN J. BLOUNT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROCK TENN SERVICES, INC., | ) | |
| | ) | |
| Garnishee. | ) | |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer by the Garnishee, Rock Tenn Services, Inc.,

The United States agrees that Bryan J. Blount's child support obligation is entitled to priority under applicable law and requests that the Court order that the funds in the Garnishee's possession in excess of the child support obligation be applied to the United States' garnishment. In support of this position, the United States submits the following:

I. FACTS

Bryan J. Blount was convicted of conspiracy to commit Bank Fraud, and Make, Utter and Possess Counterfeit Securities in violation of 18 U.S.C. §513(a) and §1344, respectively. In the judgment filed on January 24, 2008, the defendant was ordered to pay a $100.00 assessment and $9,855.37 in restitution to his victim(s). As of June 24, 2010, the U.S. Clerk of Court shows that the defendant has paid a total of $90.00 toward his obligation through prison and direct payments, leaving a total balance due of $9,765.37 as of June 24, 2010. Subsequently, the United States sought to garnish Bryan J. Blount's wages. On July 28, 2010, the Court entered a Writ of Continuing Garnishment to Rock Tenn Services, Inc.. The United States is entitled to a wage garnishment of

up to 25% of Bryan J. Blount's net income and has satisfied the prerequisites set forth in 15 U.S.C. §1673.

The garnishee filed an Answer on September 7, 2010, stating that at the time of the service of the Writ the garnishee had in their custody, control or possession property or funds owned by the debtor, including non-exempt, disposable earnings. The answer of the garnishee also stated that Bryan J. Blount's wages are currently being garnished for child support in the aggregate amount of 11%-12% per pay period. The United States does not contest the 11%-12% distribution to child support.

## II. ARGUMENT

A. <u>Child Support</u>

The garnishee/defendant has provided the United States with a copy of a Judgment in which the defendant was ordered to pay child support for his child(ren). The North Carolina Child Support Agency ordered the defendant to pay 11%-12% per month for child support.

Child support orders take priority over general debt collection. Pursuant to 28 U.S.C. § 3205(c)(8), "judicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section." This section of the garnishment statute does not differentiate between judicial orders of a state or federal courts as it pertains to priorities of payment. As such, the United States concurs with the garnishee's position that the existing North Carolina Child Support Agency child support garnishment should have priority in this garnishment. However, the United States requests that the funds remaining after the child support garnishment is fulfilled be applied to the defendant's debt to the United States. The United States further requests that as soon as the child support order is satisfied due to the age of the child(ren), that 25% of the net earnings of the defendant be applied to the United State's garnishment, and that the

Government's garnishment take immediate effect. *See* 28 U.S.C. § 3205(c)(10).

### III. CONCLUSION

For the reasons set forth herein, IT IS HEREBY ORDERED that an Order of Continuing Garnishment is hereby ENTERED in the amount of $9,765.37 computed through June 24, 2010 subject to the priority of the existing child support obligation.

IT IS FURTHER ORDERED that upon expiration of the child support obligation, the garnishee will pay the United States 25% of Bryan J. Blount's net earnings which remain after all deductions required by law have been withheld and 100% of all 1099 payments and continue said payments until the debt to the plaintiff is paid in full or until the garnishee no longer has custody, possession or control of any property belonging to Bryan J. Blount or until further Order of this court.

Payments should be made payable to the United States Clerk of Court and mailed to the United States Clerk of Court, 401 West Trade Street, Charlotte, North Carolina 28202. In order to ensure that each payment is credited properly, the following should be included on each check: Court Number DNCW 3:03CR209-10, Bryan J. Blount.

Signed: August 9, 2011

David C. Keesler
United States Magistrate Judge